Robert J. Miller, Esq. (#013334)
Kyle S. Hirsch, Esq. (#024155)
**BRYAN CAVE LLP**
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
Internet: rjmiller@bryancave.com
        kyle.hirsch@bryancave.com

Counsel for Deutsche Bank National Trust
  Company, as Trustee for the Certificateholders of
  Argent Securities Inc., Asset-Backed Pass-Through
  Certificates, Series 2004-W8

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| ANTHONY TARANTOLA, | Case No. 4:09-bk-09703-EWH |
| Debtor. | |
| ANTHONY TARANTOLA, | Case No. 4:11-ap-00088-EWH |
| Plaintiff, | **MOTION TO DISMISS AND TO STRIKE** |
| vs. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE IN TRUST FOR THE CERTIFICATEHOLDERS FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-W8, and ARGENT MORTGAGE COMPANY, L.L.C., | **Hearing Date: Not yet set. Hearing Time: Not yet set.** |
| Defendants. | |

Defendant Deutsche Bank National Trust Company, as Trustee for the Certificateholders

of Argent Securities Inc., Asset-Back Pass-Through Certificates, Series 2004-W8

("Deutsche") hereby files this motion ("Motion"), pursuant to Federal Rule of Civil Procedure

12, as incorporated into this adversary proceeding by and through Federal Rule of Bankruptcy

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Procedure 7012, to: (i) strike certain portions of the complaint ("Complaint") filed by Chapter 13 debtor and plaintiff Anthony Tarantola ("Plaintiff"), and (ii) dismiss certain causes of action asserted in the Complaint. This Motion is more fully supported by the following Memorandum of Points and Authorities, the documents attached hereto and referenced herein, and the entire record before the Court.

DATED this 14th day of February, 2011.

BRYAN CAVE LLP

By: /s/ KSH, 024155
Robert J. Miller
Kyle S. Hirsch
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406

Counsel for Deutsche Bank National Trust
Company, as Trustee in Trust for the benefit
of the Certificateholders for Argent Securities
Inc., Asset-Backed Pass-Through Certificates,
Series 2004-W8

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     FACTUAL BACKGROUND.

1.      On May 7, 2009 ("Petition Date"), Plaintiff filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2.      Prior to the Petition Date, on or about November 7, 2003, Plaintiff entered into a loan transaction ("Loan") with Argent Mortgage Company, L.L.C. ("Argent"), as lender, in the original principal amount of $377,600, as evidenced by, among other things, that certain Adjustable Rate Note dated November 7, 2003, in the original principal amount of the Loan and executed by Plaintiff, as borrower ("Note").  [*See* Complaint, para. 3]

3.      Plaintiff's payment and performance obligations under the Note are secured by, among other things, a first lien interest in and to that certain real property located at 11201 E. Hash Knife Circle, Tucson, Pima County, Arizona, 85749 ("Property"), pursuant to that certain Deed of Trust dated November 7, 2003, executed by Plaintiff, as trustor, recorded on December 23, 2005 in the Pima County Recorder's Office at Docket 12203, Page 3044 ("Deed of Trust"). [*See id.*]

4.      In connection with Plaintiff's Chapter 13 bankruptcy case, Deutsche, as Argent's successor-in-interest to the Loan, sought relief from the automatic stay to foreclose on the Property and asserted, which assertion Plaintiff has not denied, that the Loan is in default due to Plaintiff's failure to pay the monthly payments required under the Loan since October, 2008. [*See* Motion for Relief from Automatic Stay; Supporting Memorandum of Points and Authorities, filed in the Plaintiff's administrative Chapter 13 case at Docket Entry #35 ("Stay Relief Motion"), at 3 para. 7]

5.      The Court denied Deutsche's Stay Relief Motion due to Deutsche's failure to meet its burden of establishing standing; however, the Court did not determine Deutsche's right to enforce the Loan.  [*See* Memorandum Decision entered in the Plaintiff's administrative Chapter 13 case at Docket Entry #84 ("Memorandum Decision")]

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

## II.   LEGAL STANDARD.

A complaint should be dismissed under Rule 12(b)(6) if it fails to state a "plausible claim for relief." *Aschcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). This plausibility standard tests the sufficiency of the "short and plain statement of the claim showing that the pleader is entitled to relief" required under Federal Rule of Civil Procedure 8 ("Rule 8"). Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. Two principles underlie the minimal pleading requirements. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and need not be accepted as true. *Id.* at 1949-50. After the Court eliminates the conclusory allegations, the remaining allegations of the complaint must state a facially plausible claim for relief. *Id.* at 1950. A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 550 U.S. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim. *Iqbal*, 129 S. Ct. at 1951.

The Court may strike from a pleading any redundant, immaterial, or impertinent matter. *See* Fed. R. Civ. P. 12(f).

## III.   ARGUMENT.

Plaintiff's Complaint contains no enumerated causes of action. Rather, "[t]he causes of action in the form of requests for relief are contained in those paragraphs with a heading."

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

[Complaint, at 1]  As an initial matter, pleading causes of action in the form of requests for relief prevents Deutsche from accurately identifying the legal basis for the causes of action asserted by Plaintiff, and warrants dismissal or amendment in order to properly place Deutsche on notice of the legal claims asserted.

The confusing, unclear and unconventional pleading style employed by Plaintiff leads Deutsche to believe there are nine (9) causes of action/requests for relief asserted in the Complaint, identified as follows:  (i) Objection To Proof Of Claim [Complaint, at 3-4]; (ii) Declaratory Relief Against Argent ("Argent Declaratory Relief Request") [*id.* at 4-5]; (iii) Demand To Produce Original Note To Prove Possession ("Demand Claim") [*id.* at 5-11]; (iv) Intentional Separation Of Ownership Of Note From Ownership Of DOT ("Separation Claim") [*id.* at 11]; (v) Declaratory Relief Against DBNTC [*id.*]; (vi)  Accounting And Credit For Third Party Payments ("Accounting Claim") [*id.* at 11-12]; (vii) Judgment For Quiet Title ("Quiet Title Claim") [*id.* at 12]; (viii) Permanent Injunction ("Injunction Claim") [*id.*]; and (ix) Attorney's Fees ("Fee Claim") [*id.*].

The Demand Claim and the Separation Claim must be stricken as immaterial and impertinent.  Alternatively, the Demand Claim and the Separation Claim fail to state a claim for which relief can be granted, and must be dismissed.

The Accounting Claim, the Quiet Title Claim, the Injunction Claim, and the Fee Claim fail to state a cognizable claim for relief, thereby justifying dismissal.

**A.**   **Separation Claim Must Be Stricken Or Dismissed.**

Deutsche cannot decipher what relief Plaintiff seeks in connection with the paragraph heading styled as set forth in the Separation Claim.  There is no affirmative request for Court action relating to the Separation Claim, but rather Plaintiff recites his immaterial and impertinent belief of what the evidence will show.  The Separation Claim should therefore be stricken, or alternatively, dismissed for failure to state a claim upon which relief can be granted.

### B. Demand Claim Must Be Stricken Or Dismissed

#### 1. Relief Sought is Premature.

Plaintiff dedicates a substantial portion of his Complaint to his Demand Claim, which is a demand for production of the Note. The Demand Claim is not a request for relief of the type to be obtained through an adversary proceeding, but rather a document production request to be propounded in accordance with Federal Rule of Bankruptcy Procedure 7034. Such a request is not permitted until the Rule 26(f) conference has taken place, which has not yet occurred. The Demand Claim is therefore premature, and should be stricken or, alternatively, dismissed.

#### 2. Relief Sought is Properly Requested by Motion.

Moreover, to the extent Plaintiff seeks to compel production of the Note, Federal Rule of Bankruptcy Procedure 7037 specifically provides that a party may compel compliance with discovery by *motion*. Clearly Plaintiff understands this concept, as the closing paragraph of the Complaint seeks not a judgment, but an "order to produce the original Note." [Complaint, at 12] Because the Demand Claim constitutes relief properly sought by and through a discovery motion, the Demand Claim is immaterial and impertinent to the assertion of a valid claim, and therefore must be stricken or, alternatively, dismissed.

#### 3. Relief Sought Is Unsupported by the Law.

Alternatively, the Demand Claim should be dismissed for failure to state a cognizable claim for relief. The Demand Claim largely rests on the theory that the trustee under a deed of trust cannot foreclose non-judicially without producing the trustor's original promissory note. The state courts of Arizona, interpreting Arizona law, have repeatedly rejected that argument. *See Diessner v. MERS*, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009) ("Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings"); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (dismissing complaint based on "show me the note" theory); *Goodyke v. BNC Mortgage Inc.*, 2009 WL 2971086, *2 (D. Ariz. Sept. 11, 2009) ("Because [p]laintiffs' action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

do not require presentation of the original note before commencing foreclosure proceedings, Count Two fails to state a claim upon which relief may be granted"); *Garcia v. GMAC Mortgage LLC*, 2009 WL 2782791, *3 (D. Ariz. Aug. 31, 2009) (dismissing complaint asserting "original note" argument); *Contreras v. U.S. Bank as Trustee for CSMC Mortgage Backed Pass-Through Certificates, Series 2006-5*, 2009 WL 4827016, at *5 (D. Ariz. Dec. 15, 2009) (dismissing with prejudice plaintiff's complaint asserting "original note" theory).

The courts of jurisdictions with similar non-judicial foreclosure statutes are in accord with prevailing Arizona state law. *See Olivier v. Ndex West LLC*, 2009 WL 2486314, *2 (E.D. Cal. Aug. 12, 2009) (stating that the "provisions of the UCC pertain to negotiable instruments, not non-judicial foreclosure under deeds of trust"); *Aguero v. Mortgageit Inc.*, 2009 WL 2486311, *5 (E.D. Cal. Aug. 12 2009) (recognizing that "[i]t is well-established that non-judicial foreclosures can be commenced without producing the original promissory note"); *Sicairos v. NDEX West LLC*, 2009 U.S. Dist. LEXIS 11223, *6-7 (S.D. Cal. Feb. 11, 2009) (noting that the legal theory similar to that apparently asserted by Plaintiff is "flawed" and that the UCC is the "[w]rong law" to look to for claims involving non-judicial foreclosure); *Farner v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 5303, *4 (S.D. Cal. Jan. 29, 2009) ("[T]here does not appear to be any requirement under California law that the original note be produced in order to render the foreclosure proceeding valid"); *Ernestberg v. Mortgage Investors Group*, 2009 WL 160241, *5 (D. Nev. Jan. 22, 2009) ("Plaintiff has failed to cite to any authority under Nevada law that states that a trustee's power of sale is tied to the presentment of the original note to the debtor"); *Putkkuri v. Recontrust Co.*, 2009 U.S. Dist. LEXIS 32, *6 (S.D. Cal. Jan. 5, 2009) ("California law does not require production of the original note to proceed with a non-judicial foreclosure"); *Quintos v. Decision One Mortgage Co. LLC*, 2008 U.S. Dist. LEXIS 104503, *7–8 (S.D. Cal. Dec. 29, 2008) (recognizing that "an allegation that [the foreclosing entity] did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid"); *Candelo v. NDEX West LLC*, 2008 U.S. Dist. LEXIS 105926, *12, 20 (E.D. Cal. Dec. 23, 2008) (dismissing complaint for failure to show that defendants are prohibited from

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

foreclosing); *San Diego Home Solutions Inc. v. Recontrust Co.*, 2008 U.S. Dist. LEXIS 99684, *5 (S.D. Cal. Dec. 10, 2008) (law does "not require that the original note be in the possession of the party initiating non-judicial foreclosure"); *Pineda v. Saxon Mortgage Services*, 2008 U.S. Dist. LEXIS 102439, *7 n.2 (C.D. Cal. Dec. 10, 2008) ("There is no requirement in California that the holder of a note be in actual physical possession . . . to foreclose").[1]

Plaintiff's contention regarding production of the original promissory note has been soundly rejected in Arizona and elsewhere. The Court should therefore dismiss the Demand Claim to the extent it relies on such theory.

**C.       The Accounting Claim Is Unjustified And Fails As A Matter Of Law.**

The burden of showing that an accounting is necessary rests upon the party requesting the accounting. *See Wisner v. Wisner*, 129 Ariz. 333, 341, 631 P.2d 115, 123 (Ct. App. 1981). Among other things, the party requesting an accounting must show that the accounts to be resolved "are of such a complicated nature that only a court of equity can satisfactorily unravel

---

[1] Further, the courts have rejected Plaintiff's argument even under the rules governing *judicial* foreclosures, which impose far more stringent requirements. *See New England Savings Bank v. Bedford Realty Corp.*, 680 A.2d 301, 309–10 (Conn. 1996) ("the fact that [plaintiff] never possessed the lost promissory note is not fatal to its foreclosure of the mortgage"); *Mitchell Bank v. Schanke*, 676 N.W.2d 849, 860 (Wis. 2004) (bank not required to produce note where it could prove debt by other evidence); *Ocwen Federal Bank FSB v. Russell*, 53 P.3d 312, 323 (Haw. Ct. App. 2002) (copy of the mortgage note, declaration from the loan servicer, report from the loan servicer's computer system, and a copy of the relevant assignment sufficient to establish right to foreclose); *Gonzales v. Tama*, 749 P.2d 1116, 1117–18 (N.M. 1988) (failure to prove note not fatal, where mortgage incorporated note by reference and was made at same time as note and as part of same transaction); *In re Dolata*, 306 B.R. 97, 130 (Bankr. W.D. Penn. 2004) (holding, under state law and multiple treatises, that "the production of an accompanying bond or note, as a matter of law, is not essential to a mortgagee's right of action on a mortgage"); *Resolution Trust Corp. v. Love*, 36 F.3d 972 (10th Cir. 1994) (applying UCC section 3-301 only to claim for deficiency judgment, in case where plaintiff could not produce original note but had already foreclosed the mortgage); *Commercial Fed. Savings & Loan Ass'n v. Grabenstein*, 437 N.W.2d 775, 777 (Neb. 1989) ("The possession and production of the note for cancellation is not an absolute requirement as a basis for a decree [of foreclosure]"); *Boehmer v. Heinen*, 9 N.W.2d 216, 217 (Neb. 1943) (plaintiff need not produce note, if plaintiff can establish by other evidence that plaintiff owns the note or debt it represents); *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997) (plaintiff need only produce some written evidence of secured debt).

them." *Mezey v. Fioramonti*, 204 Ariz. 599, 604, 65 P.3d 980, 984 (Ct. App. 2003), *overruled in part on other grounds, Bilke v. State*, 206 Ariz. 462, 80 P.3d 269 (2003) (quoting *Dairy Queen v. Wood*, 369 U.S. 469, 478 (1962)).

Plaintiff relies upon the speculation that unidentified, hypothetical third-party payments may have been made to the holder of the Note. [*See* Complaint, at 8-10, paras. 14-16]. Without more than mere conjecture, Plaintiff has failed to allege sufficient facts to warrant an accounting.

Additionally, Plaintiff asserts that payments "made by or on behalf of a party obliged to pay" must be given credit [*see* Complaint, at 10, para. 16]; however, Plaintiff's own argument belies his position. Plaintiff identifies no payment made by or on behalf of Plaintiff under the Note. Plaintiff has thus failed to satisfy the prima facie burden that an accounting is necessary, and therefore dismissal is warranted.

### D.     Quiet Title Claim Fails.

In an action to quiet title, the plaintiff must allege that he possesses title to the subject property, that the defendant claims an interest adverse to his, and that it would be inequitable to let the defendant's interest stand. *See* A.R.S. §12-1102; *Lavidas v. Smith*, 195 Ariz. 250, 256, 987 P.2d 212, 218 (Ct. App. 1999).

Plaintiff has defaulted under the Loan by failing to make payments for more than two (2) years. Plaintiff does not allege any wrongdoing with respect to the Loan origination, nor does he allege that Deutsche played any role in causing the Loan to go into default. Rather, Plaintiff admits that he borrowed money and has remained in the Property for over two years without paying a dime towards the Loan. It is not equitable to extinguish the lien given voluntarily by Plaintiff to secure the Loan on which Plaintiff has defaulted. Because Plaintiff cannot establish that equity justifies the quiet title relief sought, the Quiet Title Claim must be dismissed.

### E.     Injunction Claim Fails.

The Injunction Claim seeks the issuance of a *permanent injunction*, thereby requiring the Court to determine that (i) Plaintiff has succeeded on the merits, (ii) will suffer irreparable injury if the injunction is not granted, (iii) such injury will outweigh any harm to Deutsche, and (iv) the

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

public interest weighs in favor of issuing the injunction. *See Amoco Prod. Co. v. Village of Gambel, Alaska*, 480 U.S. 531, 546 n.12 (1987) (applying the preliminary injunction standard to requests for permanent injunctive relief, but replacing the "likelihood of success on the merits" prong with a determination of success on the merits); *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (setting forth preliminary injunction standard). *See also Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (recognizing that *Winter* rejected as "much too lenient" any standard lesser than the traditional four-part test).

Injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (in the context of preliminary injunctive relief).

Setting aside whether Plaintiff will ultimately succeed on the merits of this lawsuit (which Deutsche believes Plaintiff will not), Plaintiff cannot establish the other prongs required for injunctive relief. Permanent injunctive relief is an equitable remedy, and as set forth above, Plaintiff defaulted on his Loan obligations and has been living in his residence without making payments for more than two years, thereby tipping the balance of equities sharply against Plaintiff. Again, Plaintiff does not, and cannot, allege that Deutsche caused Plaintiff to default under the Loan -- that was solely Plaintiff's doing. The Court's equitable power to enter an injunction is not designed to favor of a party who defaulted on his loan obligations as Plaintiff did, and the public interest does not support such relief. Moreover, because this Court denied Deutsche's Stay Relief Motion, the automatic stay continues to apply to the Property. Although Deutsche does not waive the right to renew its Stay Relief Motion or to seek stay relief again in the future, at this time there is no irreparable harm facing Plaintiff that requires injunctive relief.

Plaintiff is not entitled to injunctive relief, thereby justifying dismissal of the Injunction Claim.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

### F.     Fee Claim Fails.

Plaintiff's request for attorneys' fees has no basis in the law. Plaintiff suggests three reasons for fees: (i) based on implied or express contract, (ii) based on an intentional tort, and/or (iii) because Deutsche has "acted improperly." None of these reasons support a claim for fees. *Matter of Wilcox Revocable Trust,* 192 Ariz. 337, 341, 965 P.2d 71, 75 (Ct. App.1998) (court will not award attorney fees where no basis for award is cited).

#### 1.     American Rule Precludes Award of Attorneys' Fees.

Generally, parties to litigation are to bear their own attorneys' fees – this is referred to as the "American Rule." *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533-34, 114 S.Ct. 1023, 1033 (1994). Despite Plaintiff's suggestion that a fee award is justified by the commission of an intentional tort or because a party "acted improperly" (allegations that Defendants deny), such a position runs contrary to the American Rule, thus justifying dismissal of the Fees Claim.

#### 2.     Arizona's Statutory Right to Fees Does Not Apply.

Plaintiff's request for fees based on implied or express contract fails. The American Rule does not support such a position; absent any other controlling legal principal, Plaintiff's request for attorneys' fees must fail.

Arizona law provides for payment of to the prevailing party in an action on a contract. *See* A.R.S. §12-341.01. However, the Complaint does not assert claims for relief governed by Arizona law.

Furthermore, an "action arising out of a contract" for purposes of A.R.S. § 12-341.01 requires more than the mere existence of a contract between the litigants. *See Marcus v. Fox*, 150 Ariz. 333, 335, 723 P.2d 682, 684 (1986) ("attorney's fees are not appropriate based on the mere existence of a contract somewhere in the [litigation]"). Instead, the cause of action must be so intrinsically related to the contract that, *but for the contract*, the cause of action does not exist. *See Sparks v. Republic Nat'l Life Ins. Co.,* 132 Ariz. 529, 543, 647 P.2d 1127, 1141 (1982) ("A.R.S. § 12-341.01(A) [applies] as long as the cause of action in tort could not exist but for the breach of the contract."); *Cashway Concrete & Materials v. Sanner Contracting Co.*, 158 Ariz.

81, 83, 761 P.2d 155, 157 (Ct. App. 1988) (where contract is a factual predicate but is not an essential basis of the action, recovery under Section 12-341.01 is improper); *see also In re Bertola*, 317 B.R. 95, 100-02 (9th Cir. B.A.P. 2004) (bankruptcy nondischargeability litigation based on Section 523 of the Bankruptcy Code does not "arise out of a contract" under Arizona law); *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 836-37 (9th Cir. 2001) (attorney's fees recoverable under Section 12-341.01 only when the contract is the essential basis of the action).

A concrete example of the necessary relationship between the contract and the cause of action is provided in *Bar J Bar Cattle Co., Inc. v. Pace*, 158 Ariz. 481, 763 P.2d 545 (Ct. App. 1988). In *Bar J*, a cattle rancher sued a competitor for tortious interference with a contract between Bar J Bar and its lessor. The competitor prevailed on summary judgment and appealed the trial court's denial of attorneys' fees. *Id.*, 158 Ariz. at 482-83, 763 P.2d at 546-47. Despite the fact that a claim for tortious interference with contract cannot exist but for a contract, the Court of Appeals held that such a claim does *not* arise out of contract. *Id.*, 158 Ariz. at 486, 763 P.2d at 550. The Court of Appeals stated that section 12-341.01 is only applicable "in those cases in which a contractual relationship is integral to the successful party's claim or defense." *Id.*, 158 Ariz. at 485-86, 763 P.2d at 549-50.

Plaintiff has not and cannot articulate that the Complaint asserts any dispute "arising out of a contract" under Arizona law – rather, Plaintiff challenges whether defendants are entitled to enforce the Loan. The Complaint does not call for issues of contract interpretation or application of Arizona contract law. As in *Bar J*, the existence of a contractual obligation may be a factual predicate to Plaintiff's allegations, but the *issues* asserted in the Complaint do not arise from the contract. *See In re Larry's Apartment*, 249 F.3d at 836 ("the fee statute does not apply if the contract is only a factual predicate to the action but not the essential basis of it"); *In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985) (holding that action seeking relief from automatic stay is not an action "on a contract" because "[t]he validity of the claim or contract . . . is not litigated"). Thus, the Note and Deed of Trust are not being litigated by and through this adversary proceeding –

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1  only the rights of the defendants therein.  A.R.S. §12-341.01 does not justify the Fee Claim, thus

2  warranting dismissal.

3  **IV.**  **REQUEST FOR JUDICIAL NOTICE.**

4  The Court is not "required to accept as true conclusory allegations which are contradicted

5  by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293,

6  1295-96 (9th Cir. 1998).  Rather, the Court may also consider matters subject to judicial notice in

7  connection with deciding a motion to dismiss. *See Pesci v. IRS*, 67 F. Supp. 2d 1189, 1191-92

8  (D. Nev. 1999), *aff'd*, 225 F.3d 663 (9th Cir. 2000).  "[D]ocuments not physically attached to the

9  complaint whose contents are alleged in a complaint and whose authenticity no party questions

10  may be considered on a motion to dismiss." *Contreras*, 2009 WL 4827016, *1, citing *Branch v.

11  Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

12  A court may take judicial notice of facts "capable of accurate and ready determination by

13  resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

14  Judicial notice is mandatory "if requested by a party and [the Court is] supplied with the

15  necessary information." Fed. R. Evid. 201(c).  Matters of public record are properly subject to

16  judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (district

17  court may properly take judicial notice of undisputed matters of public record).  Court records,

18  whether from the presiding court or from other courts, are also appropriate documents for

19  judicial notice. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (taking judicial notice of

20  state court documents); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d

21  1360, 1364 (9th Cir. 1998) (taking judicial notice of state court filings); *United States v. Author

22  Servs., Inc.,* 804 F.2d 1520, 1523 (9th Cir. 1986) ("It is well established that a court may take

23  judicial notice of its own records."), as amended, 811 F.2d 1264 (9th Cir. 1987).

24  Deutsche asks the Court to take judicial notice of the Stay Relief Motion, specifically the

25  undisputed assertion of the Plaintiff's default under the Loan, which is a document capable of

26  accurate and ready determination by resort to sources whose accuracy cannot reasonably be

27  questioned.  The Stay Relief Motion is properly presented for judicial notice by the Court

28

relating to this Motion, and Deutsche asks that the Court take judicial notice of the Stay Relief Motion for purposes of this Motion.

## V.  **CONCLUSION.**

WHEREFORE, Deutsche requests that this Court enter an order as follows:

(a)  Granting this Motion in its entirety;

(b)  Striking the Separation Claim or, in the alternative, dismissing the Separation Claim;

(c)  Striking the Demand Claim or, in the alternative, dismissing the Demand Claim for failure to state a claim upon which relief can be granted;

(d)  Dismissing the Accounting Claim, the Quiet Title Claim, the Injunction Claim, and the Fee Claim for failure to state a claim upon which relief can be granted;

(e)  Taking judicial notice of the Stay Relief Motion; and

(f)  Granting such other and further relief as the Court deems just and proper under the circumstances.

DATED this 14th day of February, 2011.

BRYAN CAVE LLP

By: /s/ KSH, 024155
    Robert J. Miller
    Kyle S. Hirsch
    Two North Central Avenue, Suite 2200
    Phoenix, AZ  85004-4406

    Counsel for Deutsche Bank National Trust
      Company, as Trustee for the Certificateholders
      of Argent Securities Inc., Asset-Backed Pass-
      Through Certificates, Series 2004-W8

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1 COPY of the foregoing served via e-mail
this 14th day of February, 2011, upon:
2

3 Ronald Ryan
Ronald Ryan, P.C.
4 1413 E. Hedrick Drive
Tucson, AZ 85719-2633
5 Ronryanlaw@cox.net
Counsel for Plaintiff
6

7 COPY of the foregoing served via U.S.
Mail this 14th day of February, 2011, upon

8

9 Office of the United States Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003

10

11   /s/ Donna McGinnis

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000