Ronald Ryan
Attorney for Plaintiffs
1413 E Hedrick Dr
Tucson AZ 85719
phone: (520)298-3333 fax: (520)743-1020
ronryanlaw@cox.net
AZ Bar #018140 Pima Cty #65325

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| ANTHONY TARANTOLA, | Adversary No: 11-ap-00088-EWH |
| DEBTOR AND PLAINTIFF | Case No: 09-9703-TUC-EWH |
| vs. | **PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AND STRIKE FILED BY DBNTC** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE IN TRUST FOR THE CERTIFICATEHOLDERS FOR ARGENT SECURITIES INC., ASSET-BACKED-PASS-THROUGH CERTIFICATES, SERIES 2004-W8, | |
| AND ARGENT MORTGAGE COMPANY, L.L.C., | |
| DEFENDANTS | |

COMES NOW, Anthony Tarantola, Debtor and Plaintiff, and files this Plaintiff's Response to Motion to Dismiss and Strike Filed by Deutsche Bank National Trust Company, as Trustee in Trust for the Certificateholders for Argent Securities Inc., Asset-backed-pass-through Certificates, Series 2004-W8 ("DBNTC"), which responds to that Motion filed 02/14/11 at Doc 8.

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157; 1334; 1652; 2201; FRCP 57; and B.R. 7001, et seq. Venue is appropriate in this district pursuant to 28 U.S.C. §1408 and 1409.

2. As additional preliminary matters, pleading in the alternative and hypothetically is

1

permissible, as set forth in FRCP 8(d)(2) and (3), even if inconsistent. The Rules of Civil

Procedure clearly provide that not all facts must be known at the time a complaint is filed, if based

upon reasonable information and belief, and that they can be developed through discovery. FRCP

11(b)(1) through (3) state in relevant part, that the

> . . . attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose. . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) *the factual contentions have evidentiary support* or, if specifically so identified, will *likely have evidentiary support after a reasonable opportunity for further investigation or discovery*."

Emphasis added. The fact that FRCP 15 provides for amended or supplemental pleadings,

implies that facts may be learned in the course of trial preparation. "The court should freely give

leave [to amend] when justice so requires." FRCP 15(a)(2). Finally, the discovery rules

themselves presuppose that a plaintiff need not have proof of all facts necessary to makes its case

at the time it is filed. See FRCP 26-37. Facts relevant to Plaintiff's case have been kept secret

intentionally, exactly as they have been systematically kept secret and hard to obtain by the entire

mortgage industry for mortgage loans *intended for* securitization, which includes that in this case.

For example, the Mortgage Electronic Registration System ("MERS") is a dark recording system

in which the ownership of mortgage borrowers' promissory notes is kept confidential and secret

from borrowers. Facts and issues were developed in the motion for relief from stay proceedings,

and the ruling in that matter will have serious implications for this action. See Memorandum

Decision, *In re Tarantola*, 09-bk-09703-EWH, Doc 84 Filed 07-29-10 (Bky Ariz 2010). Plaintiff

hereby references as included herein, the opinion, and the transcript of the evidentiary hearing,

which is being obtained.[1] FRCP 10(b) and ( c), taken together, provide that allegations

---

[1] The Opinion, the transcript and other evidence from said stay relief hearing and that otherwise appearing in the record are sometimes referred to herein as the "record in this case."

2

necessary to a particular cause of action need not be set forth within the paragraph of the complaint that alleges that cause of action if those facts are set forth elsewhere in the pleading or in another filing that is referred to. FRCP 12 (d) (Result of Presenting Matters Outside the Pleadings), provides,

> If, on a motion under Rule 12(b)(6) or 12©, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Finally, "Pleadings must be construed so as to do justice." FRCP 8(e).

3. In a motion to dismiss, all factual allegations raised by Plaintiff are taken as true.

> "When reviewing motions to dismiss, we must `accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party . . . .' " *Western Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1154 (9th Cir. 2000) (per curiam) (quoting Two-rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)). "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Graham v. FEMA*, 149 F.3d 997, 1001 (9th Cir. 1998) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). "We need not, and do not, speculate as to the plausibility of [plaintiff's ] allegations . . . ." *Western Ctr. for Journalism*, 235 F.3d at 1154. "[W]e consider only the facts alleged in the complaint and in any documents appended thereto." Id. at 1154 n.1. "A plaintiff needs only to plead general factual allegations of injury in order to survive a motion to dismiss, for `we presume that general allegations embrace those specific facts that are necessary to support the claim.' " *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1156 (9th Cir. 2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

*Bernhardt v. County of LA*, No. 00-55524 (9th Cir., 2002); accord *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996) (citing *Menendez v. Paddock Pool Constr. Co.*, 172 Ariz. 258, 836 P.2d 968 (App.1991)). If there is to be a motion for summary judgment, Plaintiff will need to be afforded the right to proceed with discovery, because several matters cannot be completely developed without discovery. See FRCP 56 (A), "a party may move for summary judgment at any time until 30 days after the close of all discovery."

4. Contrary to DBNTC's implications, the legal theories Plaintiff alleges are very plausible and cognizable. They are based on well known and longstanding statutory and common law.

3

Finally, we reject the plaintiffs' request that our ruling be prospective in its application. A prospective ruling is only appropriate, in limited circumstances, when we make a significant change in the common law. [citations omitted] We have not done so here. The legal principles and requirements we set forth are well established in our case law and our statutes. All that has changed is the plaintiffs' apparent failure to abide by those principles and requirements in the rush to sell mortgage-backed securities.

*US Bank NA, trustee for ABFC 2005-OPT 1 Trust vs. Ibanez* (and a consolidated case), SJC-10694 (NJ Sup Ct 1-7-2011). Additionally, they are supported by sufficient facts already known from the record in this case, as well as others known and that are based on reasonable information and belief that are expected to be developed further. When the terms "Note" and the "Deed of Trust" ("DOT") are used herein, they are those described in the Complaint and refer to the primary lien on Plaintiff's residence, 11201 E Hash Knife Circle Tucson AZ 85749, herein referred to as the "Property." When "dot" is used, it refers to deeds of trust in general rather than to that specific to Plaintiff and this case. When the word "Loan" is used it refers to the ownership of the Note in this case and of the beneficial interest therein, meaning the right to be paid for any outstanding obligation thereon.

5. The matters summarized in this paragraph are the various causes of action and are covered in more detail below. A trial court's grant of a motion to dismiss for failure to state a claim is reviewed de novo. *Phelps Dodge Corp. v. El Paso Corp.*, 213 Ariz. 4 00, 4 02, ¶ 8, 142 P.3d 708, 710 (App. 2006). The claims are very simple and are largely if not entirely based on Arizona Statutory law and federal law as to procedure.[2]  The causes of action are: 1) to obtain quiet title under Arizona Statutory law, which includes a suit to remove cloud from title, as to the Defendants

---

[2] Choice of law principals may dictate that New York trust law should be applied to certain trust law aspects of the case. This will become clearer as facts are further developed. New York Trust law may govern the issue of whether the loan in this case was successfully pooled to the trust in this case. Although trust law questions tend to be as uniform as many other areas of law, the answer whether the MBS Trust could not be the holder or the Note, owner of the loan, nor secured by the DOT and Plaintiff's property interest could be questions for New York State law, which requires both intent and delivery according to contractual specifications.

4

in this action, and as to the possible defendant(s), that may be brought into the case later, depending on the facts and other information that is obtained as litigation continues. 2) Any declaratory judgment under the Arizona and/or federal declaratory judgment statute, as is necessary to accomplish the legitimate ends sought by this action. 3) Depending on the facts found by the trier of fact, and the quiet title and declaratory relief granted to Plaintiff in this case, Arizona and/or federal statutory law, provide for permanent injunctive relief to support those findings and judgments against named parties in the future ever seeking to enforce the Note and DOT in this case. Both the Arizona and Federal Rules contain implementing procedures for the injunctive relief that is made obtainable by statute. 4) The Objection to Proof of Claim ("POC") though permissible in an adversary proceeding by B.R. 3007(b), it may be that DBNTC may not be the appropriate party against whom to obtain said relief and Plaintiff will bring a separate contested matter objecting to claim against American Home Servicing, Inc. ("AHMS"). But due to the content of the record in this case, it is not timely to dismiss this count, although that may later be found appropriate, or a declaration relevant to the issues in this proceeding may be material to the final judgment in this case. 5) It is true that production of the original Note is not a separate cause of action, but Plaintiff does have a right to its production and examination through discovery, as its existence and possession is relevant to issues in the quiet title action and one or more declaratory rulings. The reason it was set forth in the complaint is to combat the extreme force by which mortgage industry and MBS Trustees have argued they have a right not to produce it. This is further developed below and cases that held a borrower not entitled to examine it are distinguishable or contain bad law made because the borrower did not raise the issue properly or in proper context, and/or represented themself. 6) A declaratory ruling that the ownership of the Note

5

and loan from the security interest represented by the DOT was intentionally separated would support a quiet title judgment in favor of Plaintiff, depending on the facts developed, and this is supported by hornbook law and by many case opinions.  7) The claim for credit for third party payments under the "Miscellaneous Payments" provision of the DOT and supported by statutory and common law, would under the circumstances of this case be, to the knowledge of Plaintiff's attorney, the first time any court opinion ruled on this issues and would therefore be groundbreaking. But this claim is contingent on facts being developed such that DBNTC is found to own the loan secured by Plaintiff's residence described in the Complaint (the "Property").  There is no reason to argue nor seek a ruling about this issue unless and until the facts developed deem it necessary. Dealing with this issue would likely involve so much extra discovery and other work by all involved, that Plaintiff suggests some sort of a bifurcation plan be discussed at the time of the discovery planning and conference.

      6.  The lienholder of record on the DOT is still shown as Argent Mortgage Company LLC ("Argent"), and the assignments arguably have not changed this because of their inconsistency, or at least do not identify the true current beneficiary in violation of A.R.S. §§ 33-404( C); 33-420( C), (E); 33-801(1); 33-802(B), although the record is ambiguous. The beneficiary has a duty to correct the public record, personally or by directing the dot trustee to act. Assignments of deeds of trust ("ADOT" when specific to this case; "adot" when used generally), are often necessary even though it may seem that they serve no useful purpose. They can only be performed by the beneficial owner of the loan that is evidenced by the note. The often cited rule or law that the security interest follows the note needs clarification.  The meaning of the rule is not that the security interest follows holdership status of the note. It follows ownership of the note, or the loan, of which the note is evidence. ARS § 33-817 (Transfer of secured contract)

6

states, "The transfer of any contract or contracts secured by a trust deed shall operate as a transfer of the security for such contract or contracts." *Hill v. Favour*, 52 Ariz. 561, 568-9, 84 P.2d 575 (1938), said that the Note is mere evidence of the debt, and that the title to the mortgage,

> . . . passes to an assignee by assignment of the debt or obligation secured by it . . . Where there is no written evidence of the debt or obligation, the mortgage is evidence both of the debt and security for its payment. Nevertheless the debt is the principal thing, and the title to the mortgage must follow an assignment of it. *Cornish v. Woolverton* et al., 32 Mont. 456, 81 P. 4, 108 Am. St. Rep. 598.

Id. at 62 Ariz, citing *First Nat. Bank of Saco v. Vagg*, 65 Mont. 34, 212 P. 509, 510 (1922).

This means that the security interest follows ownership of the loan of which the Note is merely evidence. The security interest does not extend to the "holder" of the Note, unless the holder is also the owner. The owner of a loan, or true beneficiary of a dot, can appoint a successor trustee and can direct the trustee to exercise the power of sale, but such person or entity does not themself possess the power of sale. Only the party with the power of sale can conduct a trustee sale. In turn, a trustee's sale must be performed in strict compliance with the terms in the dot and with the Arizona dot statutes. Because standard dot provisions and the AZ dot statutes have many recording requirements, adot are often necessary to make the public record clear, or to present the appearance of clarity, to identify the dot trustee, which is almost always a substitute trustee, so that any notice of trustee sale and trustee's deed upon sale do not on their face present a cloud upon title, and to make sure the borrower can obtain clear and marketable title.[3]

 7. Plaintiff refers the Court to the Plaintiff's Response to Argent's Motion to Dismiss, filed this date, for the list of documents, bulleted as A thru G, recorded with the Pima County

---

[3] The *Ibanez and LaRace* cases, were both begun because the purchasers at the trustee's sales, the claimed beneficiaries of each loan, did not have clear and marketable title and sought declaratory relief. The decisions on both cases were included in the landmark NJ Supreme Court opinion, *US Bank NA, trustee for ABFC 2005-OPT 1 Trust vs. Ibanez* (and a consolidated case), SJC- 10694 (NJ 1-7-2011), supra.

7

Recorder's Office that do not show the true facts and which also contradict each other.

8. The AZ Deed of Trust statutes, A.R.S. § 33-801, et seq, and the Court opinions that have explained them, and standard DOT provisions, establish that Tarantola has no less rights in the non-judicial foreclosure state of Arizona than in a judicial foreclosure state, if he takes advantage of the right to bring a Court action. Not only does ARS § 33-811( C), provide for the bringing of a Court action, it firmly directs the borrower to make certain to do so or it could lose rights to the non-judicial DOT procedures.

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before [the sale occurs].

33-811( C). Because the borrower loses many protections when a deed of trust is involved, there are trade-offs in the law to balance the scales. Strict compliance with the deed of trust statutes is mandatory and they are strictly construed in the borrower's favor, as are the provisions in a deed of trust. *Patton v. First Federal Sav. & Loan Ass'n*, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978); *In re Krohn*, 203 Ariz. 205, 52 P.3d 774, 777 (Ariz., 2002); See In *Schaeffer v. Chapman*, 176 Ariz. 326, 861 P.2d 611, 614 (Ariz., 1993). The deed of trust in this case contains the standard provision, although this deed of trust calls it a non-standard provision. The notice alleging default and prior to the sending of the Notice of Trustee's Sale must inform the "Borrower of the right to . . . **bring a court action** to assert the non-existence of a default **or *any other* *defense* of Borrower to acceleration and sale**." DOT, p13, ¶ 22. Emphasis added.

9. More specifically, Arizona provides a means by statute to obtain quiet title by action against any party including any purported mortgagees, whereby one can have title decreed to be partially or completely free and clear of liens and to obtain a permanent

8

injunction against parties claiming to hold a borrower's mortgage obligation. See A.R.S. §12-1101, et seq.

> An action to determine and quiet title to real property may be brought by any one having or claiming an interest therein, whether in or out of possession, against any person or the state when such person or the state claims an estate or interest in the real property which is adverse to the party bringing the action.

12-1101(A). In satisfaction of these requirements, Plaintiff is the owner of the property described in the Complaint (the "Property"). Additionally, there is an unreleased DOT. This is a cloud on title that Plaintiff seeks to be removed by quiet title. A party is not required to be in default nor involved in a foreclosure proceeding to invoke the right to a quiet title action. If there is a cloud on title, a party does not have to wait until harmed to protect their interests. See *Sackin v. Kersting*, 458 P.2d 544, 546 10 Ariz.App. 340 (Ariz. App., 1969). If DBNTC is willing to enter into a quiet title judgment in recordable form that it disclaims any security interest individually and in any other capacity, presuming appropriate additional declarations are included Plaintiff would be satisfied. The quiet title action challenges the rights alleged to be possessed by DBNTC, the party claiming to be the owner of the note and loan secured by the DOT. The issue of quiet title to the Property involves the security interest that would only be held by DBNTC if it owns the Loan, which includes proof of holdership <u>and</u> ownership of the Note and Loan. The same would be true as to proof of whether Plaintiff is at all indebted to DBNTC, which likely involves the same inquires, and Debtor seeks a declaration not only that DBNTC has no security interest, but that no money is owed it. See *U.S. Bank National Association, trustee vs. Antonio Ibanez, and a consolidated case for ABFC 2005-OPT 1 Trust, ABFC Asset Backed Certificates, Series*

9

*2005-OPT 1*, No. SJC-10694 (Mass. S. Ct. January 7, 2011), supra;[4] *Kemp v Countrywide,*

*440 BR 624 (Bky D NJ 2010)*;[5] *MERS v. Chong, et al*, 2:09-cv-00661-KJD-LRL Doc 52 Filed

12/04/09, p.4-5 (U.S. D.Nev. 2009)("Chong"), which appears to be the current highest

motion for relief from stay case in the 9th Circuit, involving 2001-2008 securitized mortgage

issues;[6] *In re Jacobson*, 402 B.R. 359 (Bankr. W.D.Wash., 2009); *In re Kang Jin Hwang*,

396 B.R. 757, 768 (Bankr.C.D.Cal., 2008), supra at 768; *In re Sheridan*, Case No.

08-20381-TLM, p.6-9, Doc 30 Filed 03/12/09, Memorandum of Decision (Bky. D. ID 2009);

*In re Foreclosure Cases*, No. 1:07CV2282, et al., 2007 WL 3232430 (N.D.Ohio Oct. 31,

2007)("NDO Cases"); *Wells Fargo Bank, N.A. v. Jordan*, 2009 Ohio 1092 (Ohio App., 2009),

appeal refused, *Wells Fargo Bank, N.A. v. Jordan*, 2009 Ohio 5031 (Ohio, 2009); *In re*

*Hayes*, supra; *In re Maisel*, 378 B.R. 19, 20-22 (Bankr.D.Mass.2007); *in re Canellas*, Case

No., 6-09-bk-12240-AB, p.5 (Bky. MD FL 2/9/2010).

    10. Plaintiff is confident that the record in this case, Plaintiff's expert's testimony, and

facts reasonably anticipated to be developed in discovery will show that the evidence will

show that DBNTC's claim to own the Loan, hold the Note, be possessed of a security

interest in the Property, or otherwise have the right to enforce any Loan cannot be

established as a matter of law, or may be shown to be factual and legal impossibilities. The

cause of the situation is has been intentional malfeasance or misfeasance in the creation

and administration of MBS Trusts and other Collateralized Debt Obligations, generally, and

---

    [4] *Ibanez* is widely considered a landmark case.

    [5] *Kemp v Countrywide* is also already considered a landmark case on securitization issues, because it directly analyzed many issues that have been argued but not directly dealt with in opinions.

    [6] This case was the U.S. District Court in Nevada decision affirming the consolidated denial of 19 Stay Relief cases brought by MERS.

10

as was done specifically with regard to the Trust in this case. Debtor's Attorney has also obtained knowledge from experience and study that the aforesaid expert is likely correct.

11. In order to prevail against a challenge to the validity of the holdership and ownership of the Note, the following Uniform Commercial Code ("UCC") statutes are among those that will need to be applied to the facts that exist now and that are developed in discovery. A.R.S. § 47-1201(B)(21); 47-3204; 47-3205; 47-3201A; 47-3203; 47-3308; 47-3302; 47-3308; 47-3602; 47-3302; 47-3308; 47-3307. The scope of discovery is set forth in ARCP 26(b)(1), and includes among other things, all relevant information and documents as well as those that could lead to the discovery of same.

12. Plaintiff has a right to one or more declaratory judgments as is necessary to effectuate the rights and legal status of Plaintiff as pertains to the Property, regardless of whether or not other remedies exist to accomplish the ends that Plaintiff is seeking. Arizona has instituted the Uniform Declaratory Judgments Act. See A.R.S. § 12-1831, et seq; ARCP 57.

> Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations <u>whether or not further relief is or could be claimed</u>. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

A.R.S. § 12-1831. Emphasis added. These Declaratory Relief statutes and Rules are to be liberally construed and may be granted for the purpose of clearing up uncertainty with regard to the rights, status and legal relations of Plaintiff to others, and are to be liberally construed.

> This article is declared to be remedial; its purpose is to settle and to afford <u>relief from uncertainty and insecurity with respect to rights, status and other legal relations</u>; and is to be <u>liberally construed</u> and administered.

11

A.R.S. § 12-1842. Emphasis added. Federal law has parallel provision in statute and rule.

> The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.

FRCP 57. The request for declaratory relief is, among other things, a safeguard in the event that only a judicial declaration will accomplish the intent to give the law full force and effect to establish the rights and legal relationships between the parties and the various issues raised in the Complaint. 28 USC § 2201(a), provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

13.    The POC, filed 06/29/2009, at Claim #15 in the Court's Claim Registry by AHMS, which according to the POC exhibits claims to have been filed in the capacity of Servicing Agent for DBNTC. To the extent that the ruling on the Objection to POC should be made against DBNTC, or that additional declaratory relief is appropriate pertaining to DBNTC as to the POC based on the evidence, Plaintiff seeks such relief pursuant to B.R. 3007(b).

14.    Plaintiff may be able to obtain a permanent injunction if warranted by the facts and law. A.R.S. §§ 12-124( C); 12-122-3; See A.R.S. § 12-1801, et seq. The facts necessary to establish the right to a permanent injunction is proper need be developed further through discovery. Plaintiff may obtain the permanent injunction in bankruptcy depending on the rulings in this case. There is no need for a verified complaint as to the injunctive aspects of the complaint, because Plaintiff is not in need of a preliminary injunction or a temporary restraining order. See FRCP 65 and BR 7065.

15.    Among many of the facts needed to be proven and of the documentary evidence required to be submitted in admissible form, the party claiming to own the Note must

produce the original Note in Court, and make it available prior to trial for inspection by Plaintiff.[7] Plaintiff insists that production of the original Note is necessary to prove possession thereof. In any event, Plaintiff will subpoena the original Note and/or request it pursuant to FRCP 34. Cases holding that Plaintiff is not entitled to have the original Note can be distinguished, not only because this case is not a last minute emergency proceeding to enjoin a sale brought by a pro se litigant against a large law firm, but additionally and moreover because of the statutory support where issues are properly raised. By way of logical necessity, if the following statutes and rules are to have any meaning, force or effect, the original can be required to be produced:  ARS § § 47-3201;[8] 47-3309; 47-3204(A); 47-3305 ( C); 47-3604; Federal Rules of Evidence ("FRE") 1002, 1003 and 1004. Plaintiff has a right to a declaratory rulings, under the facts of this case, if supported by the evidence that: A) DBNTC does not have possession of the original Note; B)  DBNTC does not know the whereabout of the original Note;  and C) the original Note has been destroyed, lost or stolen.

16.  Because DBNTC is not a holder in due course ("HDC"), if it does not have possession of the original Note, Plaintiff does not have to make payment on this basis alone, pursuant to ARS §47-3305 ( C), which states that an obligor is not obliged to pay the

---

[7]  An entire session at a recent seminar on securitized mortgages was devoted to examination of documents purported to be original and information was provided as to how to obtain a document examination lens with instructions on how to use it to see if a document truly is an original or a copy with copied colored signatures, among other things, because examples of attempted use of fabricated documents has been widely reported.

[8]  The transfer of possession requires physical delivery of the note "for the purpose of giving the person receiving delivery the right to enforce the instrument." U.C.C. §§ 3-203 cmt. 1, 1-201 (2002).

13

instrument if the person seeking enforcement of the instrument does not have the rights of a HDC and the instrument is proven to be a lost or stolen instrument. The only way to prove this is to require that the party claiming to have possession of it bring it to Court. Because DBNTC is not a HDC, the rules for lost instruments in A.R.S. § 47-3309 do not apply. On the other hand, if DBNTC is a HDC and the original Note is not in its possession, the only way it can enforce the Note is to comply with § 47-3309. If Plaintiff is not obligated to pay any underlying debt, then there is no debt for the DOT to secure, which establishes the DOT to be worthless and without legal effect. Therefore, Plaintiff is entitled to declaratory relief, if supported by the facts, that: 1) Plaintiff is not required to pay DBNTC because the original Note has been destroyed, lost or stolen, and DBNTC is not a HDC; 2) Plaintiff is not required to pay DBNTC because the original Note has been destroyed, lost or stolen, and DBNTC cannot satisfy the requirements to produce and/or cannot produce a valid § 47-3309 affidavit; and 3) The DOT in this case is of no force and effect because the underlying debt has been determined to be non-existent or legally uncollectible.

17. The claim for a complete accounting and for credit for 3rd Party Payments is written as an additional or alternative claim to the others and need not be addressed if Plaintiff is otherwise successful. Plaintiff suggests that the Court consider bifurcating this issue and of the discovery needed to fully develop the record on this issue, because a legal ruling on the issue may never become ripe. On the other hand, Plaintiff's expert has already enough information from available sources that it is more likely than not that if the issue were ripe, there has been enough paid by 3rd party sources to which Plaintiff is entitled to be credited to entirely discharge Plaintiff's debt. A.R.S. § 33-713, specifically provides that the "superior court of the county in which a mortgage is legally recorded may make an order

14

discharging the mortgage of record on proof that the mortgage has been fully paid and satisfied. . ." The legal bases for Plaintiff being entitled to credit for 3rd Party Payments, or "Miscellaneous Proceeds," include contractual, statutory and common law. The contractual bases are pursuant to specific provisions in the DOT that are set forth in the Complaint. Another statutory basis is also set forth in the Complaint. The common law bases include the other general principal that a obligee cannot seek to be paid multiple times for a single debt. Plaintiff's expert and Plaintiff individually have come to the conclusion, born of specialized knowledge and experience that it is common practice for financial entities to intentionally fail to credit mortgage borrowers for payments made by or on behalf of parties obligated to make payments to or on behalf of parties entitled to receive payments on mortgage notes, to which they are entitled to be credited as a matter of law. This is one of the reasons for the secrecy surrounding securitized mortgages. The opinion of Plaintiff's expert and Plaintiff, based on specialized information and experience is that, if Plaintiff's Note was successfully Pooled and is held by DBNTC, and that it holds the Note and owns Plaintiff's obligation, it that it is more likely than not that a failure to properly credit Plaintiff for 3rd Party Payments has occurred with regard to Plaintiff's Note. Discovery will be necessary if the most specific and exact information is to be uncovered.

Dated: March 7, 2011

Respectfully submitted,
/s/ Ronald Ryan
Ronald Ryan, Plaintiff's Counsel

15

## CERTIFICATE OF SERVICE

by email March 7, 2011, upon Chapter 13 Trustee, Debtor/Plaintiff and those Attorneys below.

/s/ Ronald Ryan

| | |
|---|---|
| Jody L. Buzicky<br>Buzicky@poliball.com<br>POLI & BALL, P.L.C.<br>2999 North 44th Street, Suite 500<br>Phoenix, Arizona 85018 | Kyle S. Hirsch and Robert Miller<br>BRYAN CAVE LLP<br>Two North Central Avenue, Suite 2200<br>Phoenix, Arizona 85004-4406 |

16