| | |
|---|---|
| 1 | Robert J. Miller, Esq. (#013334) |
| | Kyle S. Hirsch, Esq. (#024155) |
| 2 | **BRYAN CAVE LLP** |
| 3 | Two North Central Avenue, Suite 2200 |
| | Phoenix, Arizona 85004-4406 |
| 4 | Telephone: (602) 364-7000 |
| | Facsimile: (602) 364-7070 |
| 5 | Internet: rjmiller@bryancave.com |
| | kyle.hirsch@bryancave.com |
| 6 | |
| 7 | Counsel for Deutsche Bank National Trust |
| | Company, as Trustee for the Certificateholders of |
| 8 | Argent Securities Inc., Asset-Backed Pass-Through |
| | Certificates, Series 2004-W8 |

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| ANTHONY TARANTOLA, | Case No. 4:09-bk-09703-EWH |
| Debtor. | |
| ANTHONY TARANTOLA, | Case No. 4:11-ap-00088-EWH |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE** |
| vs. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE IN TRUST FOR THE CERTIFICATEHOLDERS FOR ARGENT SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-W8, and ARGENT MORTGAGE COMPANY, L.L.C., | **Hearing Date:** Not yet set.<br>**Hearing Time:** Not yet set. |
| Defendants. | |

Defendant Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W8 ("Deutsche") hereby files this reply ("Reply") in support of its *Motion To Dismiss And To Strike* filed on February 14, 2011 at Docket Entry No. 8 ("Motion").

Plaintiff's 15-page meandering response to the Motion ("Response") fails to present legal or factual arguments sufficient to deny the relief requested by Deutsche – namely the striking and/or dismissal of the Separation Claim[1] and the Demand Claim, and the dismissal of the Accounting Claim, the Quit Title Claim, the injunction Claim and the Fee Claim, for failure to state a cognizable claim for which relief can be granted.

## I.  **PLAINTIFF DOES NOT OPPOSE DISMISSAL OF FEE CLAIM.**

Throughout the Response, Plaintiff fails to address Deutsche's request to dismiss the Fee Claim. Having no basis in the record to the contrary, the Fee Claim must be dismissed.

## II.  **NO SUPPORT FOR SEPARATION CLAIM.**

Plaintiff argues that "a declaratory ruling that the ownership of the Note and loan from the security interest represented by the DOT was intentionally separated would support a quiet title judgment in favor of Plaintiff, depending on the facts developed, and this is supported by hornbook law and by many case opinions." Response, at 5:26 – 6:3. Arizona's state and federal courts have resoundingly rejected the contention that a trust deed is not enforceable unless the trustee or beneficiary can demonstrate that he also is entitled to enforce the borrower's promissory note. No fewer than four recent decisions of the District Court of Arizona, which decisions are controlling on this Court, reject Plaintiff's position. *See Diessner,* 618 F.Supp.2d at 1187–88 ("Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings"); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009) (dismissing complaint based on "show me the note" theory); *Goodyke v. BNC Mortgage Inc.*, 2009 WL 2971086, *2 (D. Ariz. Sept. 11, 2009) ("Because [p]laintiffs' action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that do not require presentation of the original note before commencing foreclosure proceedings, Count Two fails to state a claim upon which relief may be

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

granted"); *Garcia v. GMAC Mortgage LLC*, 2009 WL 2782791, *3 (D. Ariz. Aug. 31, 2009) (dismissing complaint asserting "original note" argument).

Further, courts have rejected Plaintiffs' argument even under the far more stringent rules governing judicial foreclosures. *See New England Savings Bank v. Bedford Realty Corp.*, 680 A.2d 301, 309–10 (Conn. 1996) ("the fact that [plaintiff] never possessed the lost promissory note is not fatal to its foreclosure of the mortgage"); *Mitchell Bank v. Schanke*, 676 N.W.2d 849, 860 (Wis. 2004) (bank not required to produce note where it could prove debt by other evidence); *Ocwen Federal Bank FSB v. Russell*, 53 P.3d 312, 323 (Haw. Ct. App. 2002) (copy of the mortgage note, declaration from the loan servicer, report from the loan servicer's computer system, and a copy of the relevant assignment sufficient to establish right to foreclose); *Gonzales v. Tama*, 749 P.2d 1116, 1117–18 (N.M. 1988) (failure to prove note not fatal, where mortgage incorporated note by reference and was made at same time as note and as part of same transaction); *In re Dolata*, 306 B.R. 97, 130 (Bankr. W.D. Penn. 2004) (holding, under state law and multiple treatises, that "the production of an accompanying bond or note, as a matter of law, is not essential to a mortgagee's right of action on a mortgage"); *Commercial Fed. Savings & Loan Ass'n v. Grabenstein*, 437 N.W.2d 775, 777 (Neb. 1989) ("The possession and production of the note for cancellation is not an absolute requirement as a basis for a decree [of foreclosure]"); *Boehmer v. Heinen*, 9 N.W.2d 216, 217 (Neb. 1943) (plaintiff need not produce note, if plaintiff can establish by other evidence that plaintiff owns the note or debt it represents); *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997) (plaintiff need only produce some written evidence of secured debt).

While these decisions constitute only persuasive authority in this Court, they are strongly persuasive. Trustee's sales are governed exclusively by A.R.S. §§ 33-801–821, which provide the "only procedure" for a valid trustee's sale. *See, e.g., Patton*, 118 Ariz. at 476, 578 P.2d at 155 (1978). These statutes do not require that a beneficiary or trustee be entitled to enforce the

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

borrower's promissory note in order to hold a sale. Rather, they provide:

> [b]y virtue of his position, a power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold, in the manner provided in this chapter, after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security, or a breach or default of the trust deed. . . . The power of sale may be exercised by the trustee without express provision therefore in the trust deed.

A.R.S. § 33-807(A) (emphases added). This provision makes it plain that the existence of a trust deed securing an obligation confers inherent authority[2] on the trustee to sell the trust property upon default, that such sales are governed only by the requirements set forth in the chapter regulating them, and that a sale may be held to remedy a breach of the trust deed itself— necessarily including any agreement in the trust deed to pay the underlying debt—not just the note the trust deed secures.[3] Plaintiff's argument violates this statute because it would regulate trustee's sales other than "in the manner provided in this chapter," which nowhere imposes the requirements Plaintiff advocates.

The courts also have recognized that an action on the note and a non-judicial foreclosure are separate remedies available to the owner of a defaulted loan. *See, e.g., Universal Inv. Co. v. Sahara Motor Inn Inc.*, 127 Ariz. 213, 215, 619 P.2d 485, 487 (Ct. App. 1980). Plaintiff's position violates this precedent as well, because it impermissibly equates non-judicial foreclosure with a judicial action on the note. This would effectively nullify any lender's statutory right to hold a trustee's sale pursuant to the non-judicial procedure, which the courts have held to be a distinct remedy enacted for the specific purpose of providing "relatively inexpensive and speedy foreclosure proceedings." *Andreola v. Ariz. Bank*, 26 Ariz. App. 556, 559, 550 P.2d 110, 113

---

[2] In other words, the trustee need not obtain the prior approval of the borrower or a court, a requirement Plaintiff seeks in effect to impose through the issuance of a declaratory judgment.

[3] The Deed of Trust provides that "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note." [Exhibit A, at 3] Plaintiff does not allege that he has satisfied such obligation, and the asserted third party payments are purse speculation with no basis in fact.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

(1976); *see also LeDesma v. Pioneer Nat'l Title Ins. Co.*, 129 Ariz. 171, 173–74, 629 P.2d 1007, 1009–10 (Ct. App. 1981).

Thus, bifurcation has no bearing on the enforceability of the Deed of Trust, and Plaintiff is not entitled to a declaration relating thereto.

### III. RESPONSE DOES NOT JUSTIFY THE DEMAND CLAIM.

Plaintiff attempts to justify the Demand Claim by raising several statutes or rules that purport to require production of an original promissory note. Plaintiff fails to address, because he cannot, the absence of any legal cause of action for production of an original promissory note. Thus, procedurally, Plaintiff cannot obtain the relief he seeks.

From a legal perspective, Plaintiff also ignores the plethora of legal precedent holding that a secured party has no obligation to demonstrate it is the holder of the promissory note. *See* Motion, at 6:19-8:8 & n.1. Plaintiff cannot be permitted to pursue an action that does not exist, and therefore dismissal of any claim seeking production of the original Note must be dismissed.

### IV. DISMISSAL OF THE ACCOUNTING CLAIM IS WARRANTED.

Plaintiff admits that the Accounting Claim is a theory unsupported by legal precedent, and fails to dispute that the alleged third party payments were not made on Plaintiff's behalf. Rather, Plaintiff proceeds along a path rife with speculation about possible third party payments that Deutsche may have received that should probably be allocated to pay down the Loan.

Plaintiff knows what he paid on the Loan, and more importantly, knows what he did not pay on the Loan. Plaintiff makes no representations that any other party made payment on the Loan on his behalf. Plaintiff also knows, and admits, that he defaulted on the Loan. These are not complicated issues, and Plaintiff has not carried the requisite burden to maintain the Accounting Claim which is nothing but a smokescreen that should be dismissed.

### V. QUIET TITLE CLAIM FAILS AS A MATTER OF LAW.

Plaintiff fails to comprehend the impact of his admitted default on whether a quiet title action may be pursued. A quiet title action requires an equitable determination to be made as to the rights of the parties asserting an interest in property. *See* A.R.S. §12-1102; *Lavidas v. Smith*,

195 Ariz. 250, 256, 987 P.2d 212, 218 (Ct. App. 1999). Equity does not support a quiet title judgment in favor of a borrower who (i) accepted the benefits of a loan and voluntarily granted a lien in property to secure the debt, (ii) defaulted on his repayment obligations by failing and refusing to pay the sums due and owing, and (iii) challenges the very lien he voluntarily granted in spite of the unpaid indebtedness secured thereby. Until such time as Plaintiff repays the money he borrowed, equity cannot justify a quiet title judgment in his favor and the Quiet Title Claim must therefore be dismissed.

## VI. INJUNCTION CLAIM IS UNSUPPORTABLE.

Plaintiff defends the Injunction Claim merely by acknowledging the standard for an injunction and concluding that discovery is necessary to determine whether an injunction is appropriate. *See* Response, at 12:17-24. Plaintiff ignores that injunctive relief requires a clear showing of the elements. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (in the context of preliminary injunctive relief). Plaintiff also ignores the equitable component necessary to succeed on an injunction claim, which equitable component Plaintiff cannot likely satisfy. Plaintiff remains in default based on two years of non-payment of the Loan. Under these circumstances, no injunction is warranted, and the Injunction Claim must therefore be dismissed.

## VII. CONCLUSION.

WHEREFORE, Deutsche requests that this Court enter an order granting the relief requested in the Motion.

DATED this 21st day of March, 2011.

BRYAN CAVE LLP

By: /s/ KSH, 024155
    Robert J. Miller
    Kyle S. Hirsch
    Two North Central Avenue, Suite 2200
    Phoenix, AZ 85004-4406

    Counsel for Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-W8

COPY of the foregoing served via e-mail this 21st day of March, 2011, upon:

Ronald Ryan
Ronald Ryan, P.C.
1413 E. Hedrick Drive
Tucson, AZ 85719-2633
Ronryanlaw@cox.net
Counsel for Plaintiff

Jody L. Buzicky
Poli & Ball, P.L.C.
2999 North 44th Street, Suite 500
Phoenix, AZ 85018
buzicky@poliball.com
Counsel for Argent Mortgage Company, LLC

COPY of the foregoing served via U.S. Mail this 21st day of March, 2011, upon

Office of the United States Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003

/s/ Donna McGinnis

687198.1 [0318857]
7
Case 4:11-ap-00088-EWH   Doc 18   Filed 03/21/11   Entered 03/21/11 14:32:17   Desc
Main Document   Page 7 of 7